1  Mark S. Spring, State Bar No. 155114
   mspring@cdflaborlaw.com
2  Nicole A. Legrottaglie, State Bar No. 271416
   nlegrottaglie@cdflaborlaw.com
3  CAROTHERS DISANTE & FREUDENBERGER LLP
   900 University Avenue
4  Suite 200
   Sacramento, California 95825
5  Telephone:  (916) 361-0991
   Facsimile:  (916) 570-1958
6
   Attorneys for Defendant
7  COMCAST CABLE COMMUNICATIONS
   MANAGEMENT, LLC erroneously sued as COMCAST
8  CABLE CONNECTION LLC dba COMCAST SERVICE
   CENTER
9
                    **UNITED STATES DISTRICT COURT**
10
                **NORTHERN DISTRICT OF CALIFORNIA**
11

12
   DEVIN MCGILL,                          )  Case No.   5:16-cv-05202
13                                         )
                  Plaintiff,              )  Superior Court of the State of California,
14         vs.                            )  County of Santa Clara Case No.: 16cv295437
                                          )
15  COMCAST CABLE COMMUNICATIONS,         )  **DEFENDANT COMCAST CABLE**
    LLC dba COMCAST SERVICE CENTER and    )  **COMMUNICATIONS MANAGEMENT,**
16  DOES 1 to 50, inclusive,              )  **LLC'S NOTICE OF REMOVAL TO**
                                          )  **FEDERAL COURT PURSUANT TO 28**
17                Defendant.              )  **U.S.C. SECTION 1441(b) (DIVERSITY)**
                                          )
18  _____ )  Action Filed:  May 20, 2016

19

20

21

22

23

24

25

26

27

28

CAROTHERS DISANTE &
FREUDENBERGER LLP

1120287.1

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTION 1441(b)
(DIVERSITY)

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN

2  DISTRICT OF CALIFORNIA:

3    PLEASE TAKE NOTICE THAT Defendant Comcast Cable Communications

4  Management, LLC (erroneously sued as Comcast Cable Communication LLC, dba Comcast

5  Service Center) (hereinafter "Defendant"), by and through its attorney of record, hereby removes

6  this action from the Superior Court of the State of California for the County of Santa Clara to the

7  United States District Court for the Northern District of California based on the following:

8    1.    On May 20, 2016, a civil action was commenced in the Superior Court of the State

9  of California in and for the County of Santa Clara entitled *Devin McGill v. Comcast Cable*

10  *Communications LLC dba Comcast Service Center;* Case No. 16cv295437 ("State Court Action").

11  Copies of the Summons, Complaint, and Service of Process Transmittal, which were served on

12  Defendant on June 3, 2016, are attached hereto as **Exhibit A**.

13    2.    On July 12, 2016, Defendant filed its Answer to Complaint, a copy of which is

14  attached hereto as **Exhibit B**.

15    3.    The only other documents served by the parties and filed with the state court are

16  attached hereto as **Exhibit C**.

17    4.    The documents attached hereto as Exhibits A, B, and C constitute all process,

18  pleadings and orders filed and served by or upon Defendant in the State Court Action.

19    **<u>DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1441(b)</u>**

20    5.    This is a lawsuit of which this Court has original jurisdiction under 28 U.S.C.

21  § 1332, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C.

22  § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy

23  exceeds the sum of $75,000, exclusive of interests and costs.

24    6.    Defendant is informed and believes that Plaintiff is an individual residing in the

25  State of California, and is a citizen of California.  Complaint at ¶ 6 (Exhibit A).  Plaintiff was an

26  individual employed by Defendant to perform work in the County of Santa Clara, State of

27  California. *Id.*  (Exhibit A).

28    7.    Plaintiff's Complaint alleges a claim for failure to provide adequate meal and rest

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1120287.1

2    NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTION 1441(b)
(DIVERSITY)

1  periods, violation of Labor Code sections 226.7 and 512. Plaintiff's Complaint names Comcast

2  Cable Communications LLC dba Comcast Service Center as Plaintiff's employer.  Complaint ¶ 1.

3  However, the true and correct legal name of Plaintiff's employer at all times relevant to his

4  complaint and the proper Defendant in this action is Comcast Cable Communications Management,

5  LLC ("Defendant").  Defendant has been registered to do business under the laws of the State of

6  California since approximately April 2010. *See* Declaration of Derek H. Squire in Support of

7  Defendant's Notice of Removal ("Squire Decl."), ¶ 4.

8         8.     Plaintiff and Defendant (including Defendant's sole member and indirect parent

9  companies), are and were citizens of different States at all relevant times for purposes of

10 establishing removal jurisdiction under 28 U.S.C. § 1441(b).  Specifically, Defendant is, and was at

11 the time this lawsuit was filed, a limited liability company organized under the laws of the State of

12 Delaware with its principal place of business in Philadelphia, Pennsylvania. Squire Decl., ¶ 4.  The

13 sole member of the Company is Comcast Cable Communications, LLC.  *Id*. at ¶ 5.  Comcast Cable

14 Communications, LLC is, and was at the time this lawsuit was filed, a limited liability company

15 organized under the laws of the State of Delaware, with its principal place of business in

16 Philadelphia, Pennsylvania.  *Id*.  The sole member of Comcast Cable Communications, LLC is

17 Comcast Holdings Corporation.  *Id*.  Comcast Holdings Corporation is, and was at the time this

18 lawsuit was filed, a corporation organized under the laws of the Commonwealth of Pennsylvania,

19 with its principal place of business in Philadelphia, Pennsylvania.  Comcast Holdings Corporation

20 is a direct, wholly-owned subsidiary of Comcast Corporation.  *Id*. at ¶ 6.  Comcast Corporation is,

21 and was at the time this lawsuit was filed, a corporation organized under the laws of the

22 Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

23 *Id*. at ¶ 7.

24        9.     Plaintiff's Complaint also names as Defendants Does 1-10.  However, pursuant to

25 28 U.S.C. § 1441(a), the citizenship of Defendants sued under fictitious names is disregarded for

26 purposes of removal.

27       10.    The amount in controversy in this action exceeds $75,000, exclusive of interests and

28 costs. *See* Plaintiff's Statement of Damages wherein Plaintiff states that he seeks damages well in

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTION 1441(b)
(DIVERSITY)

Carothers DiSante & Freudenberger LLP

1120287.1

1  excess of $75,000, exclusive of interests and costs and Plaintiff's Response to RFA No. 1, in which

2  Plaintiff <u>denies</u> that his total damages, from all claims in the lawsuit, are less than $75,000.00,

3  exclusive of interests and costs.  A true and correct copy of Defendant's Request for Plaintiff's

4  Statement of Damages is attached as **Exhibit A** to the Declaration of Nicole A. Legrottaglie

5  ("Legrottaglie Decl.") in Support of Defendant's Notice of Removal.  A true and correct copy of

6  Defendant's Request for Admissions to Plaintiff is attached as **Exhibit B** to the Legrottaglie Decl.

7  A true and correct copy of Plaintiff's Statement of Damages is attached as **Exhibit C** to the

8  Legrottaglie Decl.   A true and correct copy of Plaintiff's Response to Defendant's Request for

9  Admissions is attached as **Exhibit D** to the Legrottaglie Decl.

10         11.     This Notice of Removal is being filed based on Plaintiff's Statement of Damages

11  and Plaintiff's Response to Defendant's RFA, wherein Defendant's counsel was informed, for the

12  first time, that the amount in controversy in this case does exceed $75,000.  Plaintiff's Complaint

13  did not allege the amount in controversy, and Plaintiff's Statement of Damages constitutes the first

14  pleading from which Defendant could clearly ascertain that the amount in controversy in this action

15  exceeds $75,000, exclusive of interests and costs.[1]  *See* Legrottaglie Decl. and **Exhibits A** and **B**

16  thereto; *see also Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860 (9th Cir. 1996) (party

17  removing case must be able to prove by a preponderance of the evidence that the amount in

18  controversy exceeds $75,000); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992) (holding

19  that burden is on the party removing case to establish amount in controversy and holding that

20  conclusory allegations are insufficient for this purpose); *Bosky v. Kroger Texas, LP*, 288 F.3d 208,

21  211 (5th Cir. 2002) (grounds for removal must be "unequivocally clear and certain" to start the 30-

22  day removal period running); *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005)

23  (the time for filing a notice of removability is determined by the "four corners of the applicable

24  pleadings, not through a subjective knowledge or a duty to make further inquiry.")

25  _____

26  [1] Plaintiff's Statement of Damages was served on Defendant on August 12, 2016.  Plaintiff's
   Response to Defendant's RFA was served on August 17, 2016.  Thus, Plaintiff's Statement of
27  Damages was the first pleading from which Defendant could ascertain the amount in controversy
   exceeds the jurisdictional minimum of this Court.

28

Carothers DiSante &
Freudenberger LLP

1120287.1

4

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTION 1441(b)
(DIVERSITY)

1    12.    Based on the foregoing, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

2  Accordingly, Defendant may remove this action to this Court pursuant to the provisions of 28

3  U.S.C. § 1441(b).

4    13.    Defendant will promptly serve its Notice to Plaintiff of Removal to Federal Court

5  and will promptly file that Notice with the Superior Court of the State of California for the County

6  of Santa Clara.

7    WHEREFORE, Defendant removes this action from the Superior Court of the State of

8  California for the County of Santa Clara to this Court.

9

10  Dated:  September 9, 2016             CAROTHERS DISANTE & FREUDENBERGER LLP

11

12                                       By:  /s/ Nicole A. Legrottaglie

13                                           Nicole A. Legrottaglie
                                           Attorneys for Defendant
                                           COMCAST CABLE COMMUNICATIONS
14                                         MANAGEMENT, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. SECTION 1441(b)
(DIVERSITY)

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/03/2016
CT Log Number 529274670

TO: Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

RE: **Process Served in California**

FOR: Comcast Cable Communications, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DEVIM MCGILL, Pltf. vs. Comcast Cable Communications, LLC, ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Form, Sheet(s) |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA<br>Case # 16CV295437 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/03/2016 at 14:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | LAWRANCE A. BOHM<br>BOHM LAW GROUP INC<br>4600 NORTHGATE BOULEVARD<br>SUITE 210<br>Sacramento, CA 95834<br>916-927-5574 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/04/2016, Expected Purge Date: 06/09/2016<br><br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**SUMMONS**
*(CITACION JUDICIAL)*



SUM-100

ENDORSED
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

MAY 20 2016

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CABLE COMMUNICATIONS, LLC dba COMCAST
SERVICE CENTER

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DEVIN MCGILL

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Santa Clara Superior Court<br>191 North First Street<br>San Jose, California 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>16CV295487 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald R. Williams, Jr.; 4600 Northgate Blvd., Suite 210, Sacramento, CA 95834; 916-927-5574

| DATE: MAY 2 0 2016<br>*(Fecha)* | DAVID H. YAMASAKI<br>Chief Executive Officer, Clerk | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Comcast Cable Communications, LLC dba Comcast Service Center

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6/03/16

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465.
www.courtinfo.ca.gov



COPY

FAXED

ENDORSED
F I L E D PLD-PI-001

FOR COURT USE ONLY

MAY 20 2016

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By:_____
Deputy Clerk

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Lawrance A. Bohn (SBN 208716), Donald R. Williams, Jr. (SBN 303126 )<br>BOHM LAW GROUP, INC.<br>4600 Northgate Boulevard, Suite 210<br>Sacramento, California 95834<br>TELEPHONE NO: 916-927-5574　　FAX NO. *(Optional):* 916-927-2046<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, DEVIN MCGILL | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
　　STREET ADDRESS: 191 North First Street
　　MAILING ADDRESS: Same
　　CITY AND ZIP CODE: San Jose, 95113
　　BRANCH NAME: Downtown Superior Court

PLAINTIFF: DEVIN MCGILL

DEFENDANT: COMCAST CABLE CONNECTION, LLC
　　　　　　　dba COMCAST SERVICE CENTER

☑ DOES 1 TO 50 　　inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
　☐ AMENDED *(Number):*
Type *(check all that apply):*
☐ MOTOR VEHICLE　☑ OTHER *(specify):* Wage and hour violations
　☐ Property Damage　☐ Wrongful Death
　☐ Personal Injury　☐ Other Damages *(specify):*

**Jurisdiction** *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
　Amount demanded　☐ does not exceed $10,000
　　　　　　　　　☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
　　☐ from limited to unlimited
　　☐ from unlimited to limited

CASE NUMBER:

16CV295487

1. Plaintiff *(name or names):* DEVIN MCGILL
　alleges causes of action against defendant *(name or names):*
COMCAST CABLE COMMUNICATION, LLC dba COMCAST SERVICE CENTER

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
　a. ☐　except plaintiff *(name):*
　　　(1) ☐　a corporation qualified to do business in California
　　　(2) ☐　an unincorporated entity *(describe):*
　　　(3) ☐　a public entity *(describe):*
　　　(4) ☐　a minor ☐ an adult
　　　　　(a) ☐　for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
　　　　　(b) ☐　other *(specify):*
　　　(5) ☐　other *(specify):*
　b. ☐　except plaintiff *(name):*
　　　(1) ☐　a corporation qualified to do business in California
　　　(2) ☐　an unincorporated entity *(describe):*
　　　(3) ☐　a public entity *(describe):*
　　　(4) ☐　a minor ☐ an adult
　　　　　(a) ☐　for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
　　　　　(b) ☐　other *(specify):*
　　　(5) ☐　other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MCGILL v. COMCAST CABLE COMMUNICATIONS, LLC, et. al. | |

4. ☐ Plaintiff (name):

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☑ except defendant (name): COMCAST
    (1) ☐ a business organization, form unknown
    (2) ☑ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  c. ☐ except defendant (name):
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  b. ☐ except defendant (name):
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

  d. ☐ except defendant (name):
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants (specify Doe numbers): 1-25, inclusive    were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants (specify Doe numbers): 26-50, inclusive    are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☑ other (specify):
    Venue and jurisdiction are proper because the majority of the events giving rise to this action took place in Santa Clara County.

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MCGILL v. COMCAST CABLE COMMUNICATIONS, LLC, et. al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a. ☐ Motor Vehicle
    b. ☐ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☑ Other *(specify):*

        Failure to Provide Adequate Meal and Rest Periods, Violation of Labor Code sections 226.7 and 512.

11. Plaintiff has suffered
    a. ☑ wage loss
    b. ☐ loss of use of property
    c. ☐ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☑ loss of earning capacity
    g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

     For compensatory damages; attorneys fees and costs; costs of suit incurred; prejudgment interest on all claims and all applicable penalties; anything the Court finds applicable.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

     10, 11 as to future damages, and the "Additional Page"

Date: May 20, 2016

Donald R. Williams, Jr.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]    **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**    Page 3 of 3

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MCGILL v. COMCAST CABLE CONNECTION, LLC, et. al. | |

**ATTACHMENT** *(Number):* |1

*(This Attachment may be used with any Judicial Council form.)*

1.    Devin McGill worked for Comcast as a non-exempt Commercial Technician 4 ("CT4") since May, 2008. As a CT4, McGill drove a Comcast truck to client sites to repair lines and restore commercial Internet and video connectivity. He served Comcast clients within an assigned territory during working hours of 8:00 am - 5:00 pm. McGill also served as an on-call CT4 beyond his normal schedule, available for client telephone consults and site visits outside of normal business hours. On-call weeks rotated between employees, and required the on-call CT4 to be available 24 hours per day, 7 days at a time. McGill worked on-call shifts from home rather than from a Comcast facility, and started and ended his days by driving a Comcast truck between his house and client sites The on-call procedure was as follows: once a client calls in, Comcast notifies an available technician. The technician clocks in before the phone conversation for a phone consultation, or when he leaves his house for a site visit, and clocks back in when he arrives back home. The minimum time credited for a phone or in-person visit was two (2) hours.

2.    Commercial technicians like McGill receive daily work assignment schedules from Comcast, with each assignment allotted a 2-hour block. CT4s may conduct remote repairs, but most issues require on-site visits. Each two hour block includes travel to the client site, time required to perform diagnoses and repairs, and 20 - 30 minute period afterward to ensure issue resolution.

3.    Jobs often take longer than the allotted two (2) hours, though technicians face disciplinary action if they arrive late to subsequent appointments. This places great time constraints on technicians.

4.    CT4s are required to take a one-hour lunch, though Comcast scheduling does not allot them an hour for their mandatory, unpaid lunch break. Mr. McGill estimates that he took a maximum one lunch break every twenty (20) shifts, though he clocked out for an unpaid lunch hour the other nineteen (19) shifts. Devin repeatedly told his supervisor, Charanjit Badyal, that he almost never had time for lunch, even though he clocked out each day for an hour. Badyal responded, "You need to figure it out. You have to clock out for an hour." Devin later told manager Iziaz Ballestros, who approved all timesheets, that he clocked out for lunch every day, but took on (1) to two (2) lunch breaks per month. Ballesteros responded, "Everyone has the same schedule. Manage your time. You still have to clock out for an hour."

5.    McGill was entitled to breaks, but rarely had time to take them. McGill told his supervisor, Ron Guerra, that he and other employees did not have time to take their mandatory breaks. Guerra told McGill that he could take his break while driving between client sites. Driving between client sites is one of the CT4's primary job duties.

6.    In September 2015, McGill was offered a promotion to Comcast's Scotts Valley location in Santa Cruz County. The promotion was conditioned on him living in Scotts Valley, so McGill and his wife sold their home in the Central Valley and relocated to Santa Cruz County. McGill's wife had to quit her job in order to move.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page   4   of   5

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: MCGILL v. COMCAST CABLE CONNECTION, LLC, et. al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* 2

*(This Attachment may be used with any Judicial Council form.)*

7.   In October 2015, while working and on the clock, McGill was called into Comcast's office in San Jose for a meeting with HR. McGill believed the meeting was to finalize the promotion. He was directed to a conference room when he arrived, where he sat by himself for some time. Finally, HR rep Fred Hinajosa and Comcast Internal Investigations representative Barry Barner entered the room. They checked McGill's pockets, told him that he cannot have a cell phone on him, and that he cannot leave unaccompanied until the meeting is over.

8.   Hinajosa and Barner told McGill that he was being investigated for time sheet fraud. The basis of this argument was that it was improper for McGill to have clocked in when departing his home while on-call. They showed McGill timesheets matched with the GPS location of his truck as evidence. McGill explained that he logged in the way he and all other technicians had always done it. Barner made McGill manually change his drive time entries to not account for his drive time to and from the various on-call locations for the previous two weeks. McGill continued to work, but was worried and stressed. McGill called his manager, Joe Romero, on a daily basis to check on the investigation status. McGill was called back into HR on November 2, where Romero met him, and told McGill he was being fired for "timesheet error and misconduct." He was told to turn in his keys and escorted off of the property.

9   Charanjit Badyal, the Commercial Business Supervisor for Comcast's South Bay Region, held a meeting the day after McGill was fired. Badyal explained that Comcast policy is to pay for drive time from an employee's residence, to the jobsite, and back to the employee's residence. That directly contradicted what Barner and Hinajosa told McGill at the interrogation.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 5 of 5

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

16 CV 295 437

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**                     CASE NUMBER: _____

<div style="border:1px solid">

## PLEASE READ THIS ENTIRE FORM

</div>

_PLAINTIFF_ (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_DEFENDANT_ (The person sued): **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the _Complaint_, _using the proper legal form or format_, in the Clerk's Office of the Court, within **30 days** of the date you were served with the _Summons_ and _Complaint_;
2.  You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

_RULES AND FORMS:_  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

*   State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
*   Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

_You or your attorney must appear at the CMC._  You may ask to appear by telephone – see Local Civil Rule 8.

<div style="border:1px solid">

_Your Case Management Judge is:_ William Elfving _____ _Department:_ ___3___

_The 1st CMC is scheduled for:_ (Completed by Clerk of Court)
          Date: **SEP 1 3 2016** _____ Time: **2:15pm**  in Department: **3**

_The next CMC is scheduled for:_ (Completed by party if the 1st CMC was continued or has passed)
          Date: _____ Time: _____ in Department: _____

</div>

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_  If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interest of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

**What is ADR?**
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

**What are the advantages of choosing ADR instead of litigation?**
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

**What are the main forms of ADR offered by the Court?**
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

**Contact:**

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

# EXHIBIT B

1   CAROTHERS DISANTE & FREUDENBERGER LLP
      Mark S. Spring, State Bar No. 155114
2      mspring@cdflaborlaw.com
      Nicole A. Legrottaglie, State Bar No. 271416
3      nlegrottaglie@cdflaborlaw.com
    900 University Avenue
4   Suite 200
    Sacramento, California 95825
5   Telephone:  (916) 361-0991
    Facsimile:  (916) 570-1958
6
    Attorneys for Defendant
7   COMCAST CABLE COMMUNICATIONS
    MANAGEMENT, LLC erroneously sued herein as Comcast
8   Cable Connection, LLC dba Comcast Service Center and
    Comcast Cable Communication, LLC dba Comcast Service
9   Center

ENDORSED
FILED

JUL 12 2016

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____
J. CAO-NGUYEN

10                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                        **COUNTY OF SANTA CLARA**

12

13   DEVIN MCGILL,                              )  Case No. 16cv295437
                                                )
14              Plaintiff,                       )  **DEFENDANT COMCAST CABLE**
                                                )  **COMMUNICATIONS MANAGEMENT,**
15        vs.                                    )  **LLC'S ANSWER TO PLAINTIFF'S**
                                                )  **COMPLAINT FOR DAMAGES**
16   COMCAST CABLE COMMUNICATIONS,              )
     LLC dba COMCAST SERVICE CENTER and         )  Action Filed:   May 20, 2016
17   DOES 1 to 50, inclusive,                    )
                                                )
18              Defendant.                       )
                                                )

19

20

21

22

23

24

25

26

27

28

CAROTHERS DISANTE &
FREUDENBERGER LLP

1102679.1

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

1    Defendant Comcast Cable Communications Management, LLC, erroneously identified in

2    the Complaint for Damages as both (a) Comcast Cable Connection, LLC dba Comcast Service

3    Center  and (b) Comcast Cable Communication, LLC dba Comcast Service Center ("Defendant" or

4    "Comcast") hereby answers the Complaint for Damages (the "Complaint") filed by Plaintiff Devin

5    McGill ("Plaintiff" ) as follows:

6                           **I.  GENERAL DENIAL**

7    Pursuant to the provisions of § 431.30(d) of the California Code of Civil Procedure,

8    Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

9    Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or

10   at all, by reason of any acts or omissions on the part of Defendant.

11   Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of

12   any conduct, action, error or omission on the part of Defendant.

13                        **II.  AFFIRMATIVE DEFENSES**

14   Defendant has not completed its investigation of the facts of this case, has not completed

15   discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses

16   asserted herein are based on Defendant's knowledge, information, and belief at this time, and

17   Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense

18   contained herein at any time.

19   Without conceding that it bears the burden of proof or persuasion as to any one of them,

20   Defendant alleges the following separate affirmative defenses to the Complaint:

21                      **FIRST AFFIRMATIVE DEFENSE**

22                        **(No Employment Relationship)**

23   1.    Comcast Cable Connection, LLC dba Comcast Service Center  and Comcast Cable

24   Communication, LLC dba Comcast Service Center was never Plaintiff's employer and Plaintiff has

25   erroneously sued an entity that is not his employer and cannot be liable for any of the claims

26   alleged in the Complaint.

27

28

1

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

2.      The Complaint, and each cause of action therein, fails to state facts sufficient to constitute causes of action against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

3.      If Defendant did subject Plaintiff to any wrongful or unlawful conduct, although such is not admitted hereby or herein, Plaintiff had a duty to mitigate any damages he may have suffered and failed to do so.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statues of Limitations)**

4.      The causes of action alleged by Plaintiff are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those provided for in California Code of Civil Procedure Code §§ 338 and/or 340.

**FIFTH AFFIRMATIVE DEFENSE**

**(Privilege/Legitimate Business Reason)**

5.      The Complaint, and each cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, good-faith belief that all decisions, if any, affecting Plaintiff were made by Defendant solely for legitimate, business-related reasons that were not arbitrary, capricious, or unlawful, and were reasonably based upon the facts as Defendant understood them.

**SIXTH AFFIRMATIVE DEFENSE**

**(Payment of Wages)**

6.      Defendant alleges that any and all wages or other compensation were paid to Plaintiff in a complete, full, fair and timely manner consistent with any and all applicable regulations and statutes.

///

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

1102679.1

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

**(Violation of Defendant's Constitutional Rights)**

3

    7.    Defendant did not act willfully or with knowledge or reckless disregard as to

4

whether its conduct violated California wage-and-hour laws.  Rather, Defendant acted in good faith

5

and had reasonable grounds for believing that its actions were in compliance with California wage-

6

and-hour laws.

7

**EIGHTH AFFIRMATIVE DEFENSE**

8

**(Good Faith Dispute)**

9

    8.    The Complaint, and each cause of action therein, fails to state a claim for penalties

10

under California Labor Code § 203 because there is a good-faith dispute as to Defendant's

11

obligation to pay any wages that may be found to be due.

12

**NINTH AFFIRMATIVE DEFENSE**

13

**(No Knowledge, Authorization, or Ratification)**

14

    9.    Defendant is not liable for Plaintiff's alleged damages because if any person

15

engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he did so without

16

the knowledge, authorization, or ratification of Defendant.

17

**TENTH AFFIRMATIVE DEFENSE**

18

**(Laches)**

19

    10.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

20

**ELEVENTH AFFIRMATIVE DEFENSE**

21

**(Waiver, Estoppel, and/or Consent)**

22

    11.    Plaintiff's claims is barred, in whole or in part, by the doctrines of waiver, estoppel,

23

and/or consent.

24

**TWELFTH AFFIRMATIVE DEFENSE**

25

**(Unclean Hands)**

26

    12.    Plaintiff's claims is barred, in whole or in part, by the doctrine of unclean hands.

27

///

28

///

3

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Attorneys' Fees Not Recoverable)

3    13.    Plaintiff is precluded from recovering attorneys' fees from Defendant under

4 applicable provisions of law (for some or all causes of action), including, without limitation,

5 California Code of Civil Procedure § 1021.

6

## FOURTEENTH AFFIRMATIVE DEFENSE

7

### (Bad Faith)

8    14.    The Complaint was brought by Plaintiff in bad faith and is frivolous and by reason

9 of the conduct stated herein Defendant is entitled to, and will seek, reasonable expenses, including

10 attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure §

11 128.7.

12

## FIFTEENTH AFFIRMATIVE DEFENSE

13

### (Offset)

14    15.    If it is determined that Defendant owes monetary damages to Plaintiff, Defendant is

15 entitled to an offset to the extent Plaintiff owe money to Defendant and/or Plaintiff have already

16 been compensated for amounts sought.

17

## SIXTEENTH AFFIRMATIVE DEFENSE

18

### (Claims for Penalties Barred)

19    16.    Plaintiff is precluded from recovering penalties, in whole or in part, from Defendant,

20 by the due process clause of the Fourteenth Amendment to the Constitution of United States

21 pursuant to the doctrine articulated in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538

22 U.S. 408 (2003).

23

## SEVENTEENTH AFFIRMATIVE DEFENSE

24

### (Provision of Meal and Rest Breaks)

25    17.    Plaintiff was provided all required meal and rest breaks, and was not forced to

26 forego such meal breaks.

27 ///

28 ///

4

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

1102679.1

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Section 203 Penalties)

3       18.     To the extent Plaintiff was not paid all wages at the time of termination, such action

4   was not done intentionally and therefore penalties under Section 203 of the California Labor Code

5   are not recoverable.

6

## PRAYER

7       **WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

8               1.     That judgment be entered in favor of Defendant and against Plaintiff;

9               2.     That Plaintiff's Complaint and each cause of action therein be dismissed

10  with prejudice;

11              4.     That Defendant be awarded its costs incurred herein, and reasonable

12  attorneys' fees pursuant to California Labor Code § 218.5 and any other applicable statute; and

13              5.     That the Court orders such other and further relief for Defendant as the Court

14  may deem just and proper.

15

16  Dated:  July 12, 2016                          CAROTHERS DISANTE & FREUDENBERGER LLP

17

18                                                 By: _____

19                                                        Nicole A. Legrottaglie
                                                   Attorneys for Defendant
20                                                 COMCAST CABLE COMMUNICATIONS
                                                   MANAGEMENT, LLC

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

1102679.1

1

**PROOF OF SERVICE**

2

3        STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

4

5        I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 900 University Avenue, Suite 200, Sacramento, California 95825.  On July 12, 2016, I served upon the interested
6   party(ies) in this action the following document described as:

7   DEFENDANT COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

8

9        By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below: for processing by the following method:

10      Lawrence A. Bohm
         BOHM LAW GROUP, INC.
11      4600 Northgate Boulevard, Suite 210
         Sacramento, CA 95834

12

13   ☒  By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
14      business practice.  I am familiar with the office practice of Carothers DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal
15      Service, which practice is that when mail is deposited with the Carothers DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal
16      Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal
17      Service in Sacramento, California.

18        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20        Executed on July 12, 2016, at Sacramento, California.

21   _____          _____
              Anne Kitchen
22        (Type or print name)                    (Signature)

23

24

25

26

27

28

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1102679.1

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

# EXHIBIT C

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Mark S. Spring (SBN 155114) | Nicole A. Legrottaglie (SBN 271416)
Carothers, DiSante & Freudenberger, LLP
900 University Avenue, Ste. 200, Sacramento, CA 95825

TELEPHONE NO.: (916) 361-0991          FAX NO. (Optional): (916) 570-1958
E-MAIL ADDRESS (Optional): mspring@cdflaborlaw.com | nlegrottaglie@cdflaborlaw.com
ATTORNEY FOR (Name): COMCAST CABLE COMMUNICATIONS MGMT, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: DEVIN MCGILL

DEFENDANT/RESPONDENT: Comcast Cable Connection, LLC dba Comcast Servic

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 16CV295437 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: September 13, 2016          Time: 2:15 PM          Dept.:          Div.:          Room:

Address of court (if different from the address above):

☑ **Notice of Intent to Appear by Telephone,** by (name): Nicole A. Legrottaglie

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party (name): Comcast Cable Communications Management, LLC
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint          (Describe, including causes of action):
      Plaintiff alleges causes of action for failure to provide adequate meal and rest periods (labor code sections 226.7 and 512)

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: DEVIN MCGILL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Comcast Cable Connection, LLC dba Comcast Servic | 16CV295437 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges that he did not get proper meal and/or rest breaks.  Defendant denies this allegation and further denies that Plaintiff suffered any damages.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☑ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑ days *(specify number):* approximately 2-3 days
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                                    f.  Fax number:
e.  E-mail address:                                                       g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☑ has  ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: DEVIN MCGILL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Comcast Cable Connection, LLC dba Comcast Servic | 16CV295437 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☑ | ☑ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: DEVIN MCGILL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Comcast Cable Connection, LLC dba Comcast Servic | 16CV295437 |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status: This case will be removed to federal court before the scheduled case management conference.

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☑ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*
  Punitive damages

**15. Other motions**
  ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
  Motion for summary judgment/summary adjudication and on Plaintiff's claim for punitive damages; a separate motion based on evidence that Defendant was never Plaintiff's employer.

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | written discovery | March 2017 |
| Defendant | non-expert depositions | March 2017 |
| Defendant | expert discovery and depositions | May 2017 |

  c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
  Too early to make this determination as discovery has not yet commenced.

**CM-110**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | DEVIN MCGILL | CASE NUMBER:<br>16CV295437 |
| DEFENDANT/RESPONDENT: | Comcast Cable Connection, LLC dba Comcast Servic | |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 29, 2016

Nicole A. Legrottaglie
_____
       (TYPE OR PRINT NAME)

► _____
       (SIGNATURE OF PARTY OR ATTORNEY)

_____
       (TYPE OR PRINT NAME)

► _____
       (SIGNATURE OF PARTY OR ATTORNEY)

   ☐ Additional signatures are attached.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

     I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 900 University Avenue, Suite 200, Sacramento, California 95825. On August 29, 2016, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT CASE MANAGEMENT STATEMENT**

     By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below: for processing by the following method:

Lawrence A. Bohm
BOHM LAW GROUP, INC.
4600 Northgate Boulevard, Suite 210
Sacramento, CA 95834

[X]    By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carothers DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carothers DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Sacramento, California.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on August 29, 2016, at Sacramento, California.

_____
Morgan Krutulis
(Type or print name)

_____
(Signature)

CAROTHERS DiSANTE & FREUDENBERGER LLP

1096558.1

ENDORSED
FILED

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE |
|---|---|
| Mark S. Spring (SBN 155114) \| Nicole A. Legrottaglie (SBN 271416) | AUG 29  2016 |
| Carothers, DiSante & Freudenberger, LLP | David H. Yamasaki, Chief Exec Officer/Clerk |
| 900 University Avenue, Ste. 200, Sacramento, CA 95825 | County of Santa Clara, California |
| TELEPHONE NO: (916) 361-0991      FAX NO. *(Optional):* (916) 570-1958 | By_____ |
| E-MAIL ADDRESS *(Optional):* mspring@cdflaborlaw.com \| nlegrottaglie@cdflaborlaw.com | Deputy Clerk |
| ATTORNEY FOR *(Name):* COMCAST CABLE COMMUNICATIONS MGMT, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: DEVIN MCGILL

DEFENDANT/RESPONDENT: Comcast Cable Connection, LLC dba Comcast Servic

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ **UNLIMITED CASE**  ☐ **LIMITED CASE** | 16CV295437 |

(Check one):  ☑ **UNLIMITED CASE**
(Amount demanded exceeds $25,000)
☐ **LIMITED CASE**
(Amount demanded is $25,000 or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: September 13, 2016      Time: 2:15 PM      Dept.:      Div.:      Room:

Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):* Nicole A. Legrottaglie

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Comcast Cable Communications Management, LLC
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑ complaint  ☐ cross-complaint      *(Describe, including causes of action):*
      Plaintiff alleges causes of action for failure to provide adequate meal and rest periods (labor code sections 226.7 and 512)

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lawrence A. Bohm (SBN: 208716) and Donald R. Williams, Jr. (SBN: 303126) Bohm Law Group, Inc. 4600 Northgate Boulevard, Suite 210, Sacramento, California 95834 <br> TELEPHONE NO.: 916.927.5574    FAX NO. *(Optional):* 916.927.2046 <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* Plaintiff, DEVIN MCGILL | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SAN JOSE, 95113
BRANCH NAME: SANTA CLARA SUPERIOR COURT

PLAINTIFF/PETITIONER: DEVIN MCGILL

DEFENDANT/RESPONDENT: COMCAST CABLE COMMUNICATIONS, LLC., et. al

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 16CV295437 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: September 13, 2016     Time: 2:15 p.m.     Dept.: 3     Div.:     Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone,** by *(name):* Donald R. Williams, Jr., Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff, DEVIN MCGILL
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* May 20, 2016
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint   *(Describe, including causes of action):*
      Failure to Provide Adequate Meal and Rest Periods; Violation of Labor Code sections 226.7 and 512.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*

CM-110

| PLAINTIFF/PETITIONER: DEVIN MCGILL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COMCAST CABLE COMMUNICATIONS, LLC., et. al | 16CV295437 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff worked for Defendant as a Commercial Technician who drove to client sites to repair lines and restore commercial Internet/ Video connectivity. Frequently Plaintiff was not able to take meal and/or rest breaks; for every 20 shifts Plaintiff estimates he only took one hour lunch though he was required to clock out for all twenty. When Plaintiff told his supervisors about not being able to take his lunch break, they told him to "figure it out. You have to clock out for an hour." Plaintiff was then given a promotion at a different location. Once there, Defendant's rescinded the promotion and fired Plaintiff for time sheet error and misconduct.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
06/27/16 - 02/23/16; 01/20/17 - 06/30/17; 08/17/17 - 10/06/17; 11/06/17 - 12/01/17; 01/08/18 - 01/26/18

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑ days *(specify number):* TWELVE (12) - FIFTEEN (15)
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
f.  Fax number:
g.  Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party   ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☑   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
California Rules of Court section 3.811(b)(8).

CM-110

| PLAINTIFF/PETITIONER: DEVIN MCGILL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COMCAST CABLE COMMUNICATIONS, LLC., et. al | 16CV295437 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ✔ | ✔ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ✔ | ✔ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: | DEVIN MCGILL | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | COMCAST CABLE COMMUNICATIONS, LLC., et. al | 16CV295437 |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
          (1) Name of case:
          (2) Name of court:
          (3) Case number:
          (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Trial - 65 days |
| Plaintiff | Defendant Depositions | Trial - 30 days |
| Plaintiff | 10 - 15 Witness Depositions | Trial - 30 days |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | DEVIN MCGILL | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | COMCAST CABLE COMMUNICATIONS, LLC., et. al | 16CV295437 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

        Plaintiff attempted to meet and confer with Defense counsel via a letter sent on July 20, 2016. To date, counsel has not responded.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 22, 2016

Donald R. Williams Jr., Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

*McGill v. Comcast Cable Connection LLC*
Superior Court of California, County of Santa Clara
Case No.: 16CV295437

### PROOF OF SERVICE BY MAIL

I, the undersigned declare that I am employed in the County of Sacramento, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is 4600 Northgate Boulevard, Suite 210, Sacramento, CA 95834.

On August 23, 2016, I served the within:

### PLAINTIFF'S NOTICE OF DEPOSIT OF JURY FEES

### PLAINTIFF'S CASE MANAGEMENT STATEMENT

XX    By placing a true copy thereof enclosed in a sealed envelope with prepaid postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Lawrance A. Bohm's ordinary business practices for the collection and processing of correspondence for mailing, of which I am readily familiar, to the individual(s) and address(s) as set forth below.

**Mr. Mark S. Spring, Esq.**          **Attorney for Defendant,**
**Ms. Nicole A. Legrottaglie, Esq.**     Comcast Cable Communications
**Carothers Disante & Freudenberger LLP**   Management, LLC
**900 University Avenue, Suite 200**
**Sacramento, California 95825**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 23, 2016, in Sacramento, California.

_____
Cheyenne C. Allmaras
Senior Paralegal

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

1

**PROOF OF SERVICE**



BOHM LAW GROUP, INC.
4600 Northgate Boulevard
Suite 210
Sacramento, California 95834

SACRAMENTO
CA 957
23 AUG '16
PM 3 L



UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $000.46⁵
0000577733   AUG 23 2016
MAILED FROM ZIP CODE 95834

UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $000.25⁰
0000577733   AUG 23 2016
MAILED FROM ZIP CODE 95834

Mr. Mark S. Spring, Esq.
Ms. Nicole A. Legrottaglie, Esq.
Carothers Disante & Freudenberger LLP
900 University Avenue, Suite 200
Sacramento, California 95825

95825-673750